AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| GARY BADON | Case Number: 11-235 "G" |
| | USM Number: 32162-034 |
| | Arthur Lemann, IV<br>Defendant's Attorney |

Social Security No.: xxx-xx-5861

**THE DEFENDANT:**

[✔] pleaded guilty to count(s) 1 and 2 of the Superseding Bill of Information on July 26, 2012.

[ ] pleaded nolo contendere to count(s)      which was accepted by the court.

[ ] was found guilty on count(s)      after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Count** |
|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 | Conspiracy to Distribute and Possess with Intent to Distribute Quantities of Cocaine Hydrochloride | 1 |
| 21 U.S.C. § 843(b) | Use of a Communication Facility | 2 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[✔] Count(s) dismissed on the motion of the United States: All counts of the original and Superseding Indictment dismissed as to this defendant.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**COURT REPORTER: Vic DiGiorgio**

**ASST. U. S. ATTORNEY: John Murphy**

**PROBATION OFFICER: Catherine A. Harbison**

November 15, 2012
Date of Imposition of Judgment

Signature of Judge

Nannette Jolivette Brown, United States District Judge
Name and Title of Judge

11/26/12
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
    Sheet 2 — Imprisonment

| | Judgment — Page | 2 | of | 5 |
|---|---|---|---|---|

DEFENDANT:   **GARY BADON**
CASE NUMBER:  11-235

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months, as to counts 1 and 2 of the Superseding Bill of Information, to run concurrently, with credit to be given for time served.

☑ The court makes the following recommendations to the Bureau of Prisons:
 - that defendant be placed in a facility as close as possible to his family;
 - that defendant be placed in a facility that can provide necessary medical treatment to address medical needs, including counseling and
  treatment for ADHD

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
 at   a.m. p.m. on
 as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 12:00  noon on
     as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  | Judgment—Page | 3 | of | 5 |

DEFENDANT:   GARY BADON
CASE NUMBER:   11-235

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

       The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as shown below, and shall not possess a firearm.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C - Supervised Release

Judgment—Page ___4___ of ___5___

DEFENDANT:      GARY BADON
CASE NUMBER:    11-235

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in an orientation and life skills program, as directed by the United States Probation Officer.

2. The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment, which may include urinalysis testing. Participation may include inpatient/outpatient treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the United States Probation Officer. While under supervision, the defendant shall submit to random urinalysis testing, as directed by the United States Probation Officer.

3. The defendant shall participate in a program of testing and/or treatment for alcohol abuse, which may include breath and urine testing and residential treatment, as directed by the United States Probation Officer. The defendant shall contribute to the cost of such treatment to the extent the defendant is deemed capable by the United States Probation Officer.

4. The defendant shall participate in an approved treatment program for anger control/domestic violence. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

5. The defendant shall undergo random urinalyses, as directed by the U.S. Probation Officer. If the defendant tests positive for the use of illegal narcotics, he/she may, as determined by the probation officer, participate in an approved treatment program for substance abuse and abide by all supplemental conditions of treatment, unless directed otherwise by the Court. Participation may include inpatient/outpatient treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the U. S. Probation Officer.

6. The defendant shall receive counseling, medication and treatment for ADHD.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __5__

DEFENDANT:        GARY BADON
CASE NUMBER:      11-235

## CRIMINAL MONETARY PENALTIES

☐  The defendant must pay any imposed fine or restitution under the schedule of payments on Sheet 6.

☑  The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ -0- | $ -0- |

☑  **The special assessment is due immediately.**

☐  The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $_____ | $_____ | |

☐  Restitution amount ordered pursuant to plea _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the     fine    restitution.

    ☐  the interest requirement for the     fine    restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before  April 23, 1996.